IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-78,860-02




EX PARTE JESUS RODRIGUEZ GONZALEZ, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. CR-1598-10-D(1) IN THE 206TH DISTRICT COURT
FROM HIDALGO COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to twenty-eight years’ imprisonment. He did not appeal his conviction.
            Applicant contends that his plea was involuntary and trial counsel rendered ineffective
assistance. Applicant has alleged facts that, if true, might entitle him to relief. Hill v. Lockhart, 474
U.S. 52 (1985); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to the claims set out in this application.


 The trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            After reviewing counsel’s response, the trial court shall make findings of fact and conclusions
of law as to whether Applicant’s plea was involuntary, counsel’s conduct was deficient and, if so,
Applicant would have insisted on a trial but for this deficient conduct. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant’s claims for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: July 24, 2013
Do not publish